# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

BETH BOYER,
  Appellant,

  v.

DEPARTMENT OF VETERANS
  AFFAIRS,
  Agency.

DOCKET NUMBER
DE-1221-19-0357-W-1

DATE: April 26, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>David J. Holdsworth</u>, Esquire, Sandy, Utah, for the appellant.

<u>Bradley M. Shaughnessy</u>, Esquire, Fayetteville, Arkansas, for the agency.

<u>Thomas Herpin</u>, Esquire, Houston, Texas, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

¶1    The agency has filed a petition for review of the initial decision, which granted the appellant's request for corrective action in this individual right of action (IRA) appeal. Generally, we grant petitions such as this one only in the following circumstances:   the initial decision contains erroneous findings of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    The appellant filed the instant IRA appeal, alleging that the agency engaged in whistleblower retaliation. Initial Appeal File (IAF), Tab 1. After providing the parties an opportunity to further develop the jurisdictional record, the administrative judge found that the appellant established jurisdiction over some, but not all, of her claims. IAF, Tab 21. In particular, the administrative judge found that the appellant met her jurisdictional burden regarding her claim that the agency's March 2019 decision to reassign her was the product of retaliation for her July 2018 disclosures about a supervisor. *Id.* at 6-8. That retaliation claim is the only one at issue on review.

¶3    The following facts, as further detailed throughout the record and the initial decision, do not appear to be disputed. The appellant worked as a Medical Support Assistant (MSA) for the agency's West Valley Clinic, in Utah. IAF, Tab 10 at 79, Tab 64, Initial Decision (ID) at 3. In May 2018, the clinic received a new Supervisory MSA. IAF, Tab 1 at 19, 25; ID at 3.

¶4    On July 31, 2018, the appellant made disclosures to her Director about the new Supervisory MSA. IAF, Tab 1 at 27. Among other things, she disclosed that the Supervisory MSA had threatened her and another MSA; he was purposefully

assigning individuals tasks that they disliked, in hopes that they would resist so he could charge them with insubordination; he planned to have veteran friends file complaints against his staff for further pretextual discipline; and he allowed favored employees to take unaccounted for leave. *E.g.*, IAF, Tab 1 at 18, Tab 6 at 4; ID at 8-9.

¶5    In September 2018, the Supervisory MSA was reassigned from the West Valley Clinic to a nearby hospital. IAF, Tab 1 at 23; ID at 10-11. He was later indicted for criminal charges unrelated to this appeal, though it is not clear to us whether it was those looming charges, the appellant's disclosures, or some other matter that led to the Supervisory MSA's apparent reassignment. IAF, Tab 46 at 169-70; ID at 10-11.

¶6    In October 2018, the agency began an investigation regarding allegations throughout the West Valley Clinic, unrelated to those from the appellant's disclosures.[2] IAF, Tab 10 at 46-78. Soon thereafter, the agency began another more focused investigation into an allegation that the appellant and the other target of the Supervisor MSA's threats had created a hostile work environment for a third coworker. *Id.* at 31-40. Over these and the subsequent months, the appellant raised her disclosures with numerous agency officials, while also expressing concern that the agency was retaliating for them. IAF, Tab 10 at 39, Tab 52 at 6-16, 19-20.

¶7    In March 2019, the agency decided to reassign both the appellant and the other threatened MSA to a different facility. IAF, Tab 1 at 6, Tab 18 at 13; ID at 19-20. The notices of reassignment indicated that the actions were "necessary given ongoing concerns regarding interactions between [the two being reassigned] and other staff." IAF, Tab 1 at 6, Tab 18 at 13.

---

[2] As a result of the October 2018 investigation, the agency issued a formal admonishment of the appellant for improperly accessing the medical records of her Supervisory MSA, i.e., the subject of her disclosures, many months earlier. IAF, Tab 10 at 23-25, 43-45. That admonishment was grieved and settled; it was not a claim for adjudication in the instant appeal. ID at 14.

¶8    After pursuing a claim of whistleblower retaliation with the Office of Special Counsel (OSC), the appellant filed the instant IRA appeal. IAF, Tab 1. The administrative judge developed the record and held a telephonic hearing, at the appellant's request. *E.g.*, IAF, Tab 41 at 1 n.1, Tab 62, Hearing Recording (HR). In the resulting initial decision, he first found that the appellant met her burden of proving that she made protected disclosures. ID at 22-25. He next found that the appellant proved that those disclosures were a contributing factor in her reassignment. ID at 25-28. Finally, the administrative judge found that the agency failed to prove that it would have taken the same personnel action in the absence of the appellant's protected disclosures. ID at 28-43. Consequently, he granted the appellant's request for corrective action. ID at 43-44.

¶9    The agency has filed a petition for review. Petition for Review (PFR) File, Tab 1. On review, the agency does not dispute that the appellant exhausted her claim with OSC and made protected disclosures. The agency does, however, dispute the administrative judge's findings for the contributing factor criterion. *Id.* at 9-11. In the alternative, the agency argues that the administrative judge erred in finding that the agency failed to meet its burden of rebutting the appellant's prima facie case of reprisal. *Id.* at 12-15. The appellant has filed a response.[3] PFR File, Tab 3.

¶10    Under the Whistleblower Protection Enhancement Act of 2012, the Board has jurisdiction over an IRA appeal if the appellant has exhausted her administrative remedies before OSC and makes nonfrivolous allegations that

---

[3] Within her response, the appellant asked that we dismiss the agency's petition for review, asserting that the agency failed to meet its interim relief obligations in that (1) there was a 2-week delay between the initial decision and her return to the West Valley Clinic, (2) the agency has not yet rescinded the reassignment from her personnel file, (3) the agency has not yet restored her prior duties, and (4) the agency has not yet returned her to her prior tour-of-duty start time. PFR File, Tab 3 at 5-6. Because we are not persuaded by the agency's petition for review, we need not determine whether there is any merit to the appellant's arguments about interim relief. *See Elder v. Department of the Air Force*, 124 M.S.P.R. 12, ¶¶ 18-20 (2016) (finding that any failure on the part of the agency regarding its interim relief obligations was moot because the agency's petition had no merit).

(1) she made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).  *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016).  Once an appellant establishes jurisdiction over her IRA appeal, she is entitled to a hearing on the merits of her claim, which she must prove by preponderant evidence.[4]  *Id.*

¶11     If the appellant proves that her protected disclosure or activity was a contributing factor in a personnel action taken against her, the agency is given an opportunity to prove, by clear and convincing evidence,[5] that it would have taken the same personnel action in the absence of the protected disclosure or activity.  *Id.*  In determining whether the agency has met this burden, the Board will consider the following factors:  (1) the strength of the agency's evidence in support of its action; (2) the existence and strength of any motive to retaliate on the part of the agency officials involved in the decision; and (3) any evidence that the agency takes similar actions against employees who are not whistleblowers, but who are otherwise similarly situated.  *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999).  The Board does not view these factors as discrete elements, each of which the agency must prove by clear and convincing evidence, but rather, the Board will weigh the factors together to determine whether the evidence is clear and convincing as a whole.  *Phillips v. Department of Transportation*, 113 M.S.P.R. 73, ¶ 11 (2010).  We are also mindful that "[e]vidence only clearly and convincingly supports a conclusion when it does so

---

[4] Preponderant evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue.  5 C.F.R. § 1201.4(q).

[5] Clear and convincing evidence is that measure or degree of proof that produces in the mind of the trier of fact a firm belief as to the allegations sought to be established; it is a higher standard than preponderant evidence.  5 C.F.R. § 1209.4(e).

in the aggregate considering all the pertinent evidence in the record, and despite the evidence that fairly detracts from that conclusion." *Whitmore v. Department of Labor*, 680 F.3d 1353, 1368 (Fed. Cir. 2012).

<u>The agency has failed to establish any basis for us to disturb the administrative judge's findings about the appellant's prima facie case of reprisal.</u>

¶12    Once again, the agency does not dispute the administrative judge's determination that the appellant made protected disclosures to her Director on July 31, 2018, as follows: The appellant disclosed gross mismanagement and an abuse of authority by revealing that the Supervisory MSA was, for vindictive reasons, trying to provoke insubordination or otherwise establish a pretext for disciplining his subordinates. ID at 23-24; *see* 5 U.S.C. § 2302(b)(8)(A)(ii). She also disclosed a violation of rule by revealing that the Supervisory MSA was permitting leave for certain favored employees, unaccounted for in the agency's leave tracking system. ID at 24-25; *see* 5 U.S.C. § 2302(b)(8)(A)(i).

¶13    Although the agency does not dispute that these were protected disclosures, it does dispute the next element of the appellant's burden—proof that the protected disclosures were a contributing factor in her reassignment. PFR File, Tab 1 at 9-11. On that point, the administrative judge provided two reasons for concluding that the contributing factor element was satisfied in this case, using the knowledge/timing test. ID at 25-28; *see Mastrullo v. Department of Labor*, 123 M.S.P.R. 110, ¶¶ 18, 21 (2015) (explaining that the knowledge/timing test allows an employee to demonstrate that a protected disclosure was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official taking the personnel action knew of the disclosure and that the personnel action occurred within 1 to 2 years of the appellant's disclosures). First, the administrative judge found that the Deputy Director of the West Valley Clinic, who decided to reassign the appellant less than a year after the appellant's disclosures, had personal knowledge about the appellant's protected disclosures. ID at 26. In particular, the administrative judge determined that the Deputy

Director knew of the appellant's disclosures because he read the February 2019 investigative report that discussed those disclosures before his March 2019 decision to reassign the appellant. *Id.* Second, the administrative just found that two Human Resources officials influenced the Deputy Director's decision to reassign the appellant, and those Human Resources officials also knew of the appellant's protected disclosures. ID at 26-27.

¶14 Concerning his first rationale for finding the contributing factor criterion satisfied, the agency argues that the administrative judge erred because both parties agreed that the Deputy Director lacked knowledge of the appellant's disclosures prior to the reassignment decision. PFR File, Tab 1 at 9. The agency directs us to deposition and hearing testimony in which the agency asked the appellant if the Deputy Director knew of her disclosures prior to his reassignment decision, and the appellant responded in the negative. *Id.* The agency also references the Deputy Director's similar testimony. *Id.*

¶15 Regarding the appellant's testimony about the matter, the agency suggests that the appellant's negative response when asked about the Deputy Director's knowledge of her disclosures precludes the administrative judge from finding that the Deputy Director had the requisite knowledge for purposes of the knowledge/timing test. *Id.* at 9-10. The agency separately asserts that the appellant repeatedly lied under oath about this matter and the administrative judge erred by failing to render credibility findings about the same. *Id.* at 10-11. Setting aside the contradiction of these arguments, the agency has not identified any instance of the administrative judge relying on the appellant's testimony to resolve a relevant and disputed matter, and we found none. Therefore, we are not convinced that the absence of credibility findings about the appellant's testimony is consequential. In addition, the appellant's negative response, when asked about the Deputy Director's knowledge, does not foreclose the possibility that the Deputy Director knew of the appellant's disclosures, without the appellant realizing the same. *E.g.*, IAF, Tab 57 at 147. That is consistent with the

administrative judge's findings; he noted that both parties seemed to overlook the fact that the February 2019 investigative report referenced the appellant's disclosures. ID at 26.

¶16 Regarding the Deputy Director's testimony about the matter, personally denying that he had knowledge of the appellant's disclosures, the administrative judge did not find him credible. ID at 26, 31-33. To the extent that these credibility findings may have implicitly relied on determinations about the Deputy Director's demeanor, they are not entitled to the deference we would have afforded them if the hearing occurred via video, rather than telephone. *See Rapp v. Office of Personnel Management*, 108 M.S.P.R. 674, ¶ 13 n.5 (2008) (finding that the Board need not defer to an administrative judge's demeanor-based credibility findings when a hearing is conducted by telephone). Nevertheless, the agency has not presented any persuasive reason for us to reach a conclusion different than that of the administrative judge. During his hearing testimony, the Deputy Director indicated that he reassigned the appellant because of the findings in the February 2019 investigative report. HR (testimony of the Deputy Director, part 1 at 14:00-19:30); IAF, Tab 10 at 31-40. That is consistent with the agency's position in this litigation. *E.g.*, IAF, Tab 44 at 4; PFR File, Tab 1 at 6. As the administrative judge recognized, the February 2019 investigative report referenced the appellant's disclosures. IAF, Tab 10 at 31-40. Specifically, the report provides that "it is also important to note that [the appellant and the other MSA who would later be reassigned] expressed feelings that they are the ones being targeted" and they "believe [the former Supervisory MSA] was and still is trying to get them fired." *Id.* at 36-37. It also alludes to a lone attachment, the appellant's written response, which discussed how the appellant "knew [the Supervisory MSA] was threatening other employees," referenced "the complaint that [the appellant] made for threatening behavior" on July 31, 2018, and expressed "concern about possible retaliation with regards to [the Supervisory MSA]." *Id.* at 39. The agency has provided no explanation for

this. It does not explain how the Deputy Director could have based the appellant's reassignment on the February 2019 investigative report without having any knowledge of the disclosures discussed in that same February 2019 investigative report.

¶17    Concerning his second rationale for finding the contributing factor criterion satisfied, the agency argues that the administrative judge erred because the Deputy Director made the decision to reassign the appellant on his own, independently. PFR File, Tab 1 at 9-10. However, that assertion overlooks testimony from the Deputy Director, in which he acknowledged discussing the February 2019 investigative report with the two Human Resources officials during his decision-making process. HR (testimony of the Deputy Director, part 1 at 14:00-19:30); IAF, Tab 10 at 31-40. Consistent with the administrative judge's findings, the documentary evidence shows that the appellant emailed those same officials to recount her protected disclosures and express concern about possible retaliation weeks before her reassignment. IAF, Tab 52 at 6-10.

¶18    Ultimately, we are not persuaded by the agency's limited arguments concerning the contributing factor criterion. We therefore discern no basis for disturbing the administrative judge's findings about the same.

The agency has failed to establish any basis for us to disturb the administrative judge's findings about the agency not meeting its burden.

¶19    When an appellant presents a prima facie case of whistleblower reprisal, the burden shifts to the agency. *Supra* ¶ 11. Under the agency's heightened burden, the Board will consider the three *Carr* factors. *Id.*

¶20    For the first *Carr* factor, the strength of the agency's evidence in support of the reassignment, the administrative judge concluded that the agency's evidence was weak. ID at 30-33. In short, he found that the agency's stated rationales for the reassignment were inconsistent and not credible, particularly as it related to rationales provided by the Deputy Director. *Id.*

¶21        For the second *Carr* factor, the existence and strength of any motive to retaliate, the administrative judge found that the record disfavored the agency. ID at 33-41.   Specifically, he inferred a retaliatory motive on the part of management officials for several reasons.  Among other things, the administrative judge indicated that there were problems with the Deputy Director's testimony, which would be explained by his favoring the individual implicated by the appellant's disclosures.  ID at 34-35.  The administrative judge also found that other employees in the West Valley Clinic were motivated to retaliate against the appellant, and that motivation could be imputed on those responsible for the appellant's reassignment.  ID at 36-41.

¶22        For the third *Carr* factor, any evidence the agency takes similar actions against similarly situated employees that are not whistleblowers, the administrative judge determined that the evidence presented did not favor the agency.  ID at 41-43.  Among other things, he noted that although the Deputy Director provided testimony about a single comparator, that testimony was limited and without pertinent details.  *Id.*  The administrative judge ultimately concluded, based on a weighing of these *Carr* factors, that the agency failed to meet its burden of proof.  ID at 43-44.

¶23        On review, the agency disputes the administrative judge's findings about its burden.  PFR File, Tab 1 at 12-15.  It again asserts that the Deputy Director did not have knowledge of the appellant's disclosures.  *Id*. at 12-13.  As previously discussed, we disagree.  *Supra* ¶¶ 14-16.  The agency also asserts that the administrative judge ignored "uncontroverted" testimony from the Deputy Director about legitimate nonretaliatory reasons for the appellant's reassignment. PFR File, Tab 1 at 13-14.  To the contrary, the administrative judge did not ignore that testimony.  He simply found that it was not persuasive or credible.  ID at 31-33. The agency has not given us a reason to conclude otherwise.  Moreover, the legal question at hand is not whether the agency had any legitimate non-retaliatory reasons for the appellant's reassignment.  Instead, the question is

whether the agency met its burden of proving, by the heightened clear and convincing standard, that it would have taken the same action in the absence of the appellant's protected disclosures. *Supra* ¶ 11. The agency's limited arguments on review do not convince us that the administrative judge erred in finding that it failed to meet that burden.

## ORDER

¶24 We ORDER the agency to rescind its April 28, 2019 reassignment of the appellant by returning her to the West Valley Clinic. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

¶25 We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶26 No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

### NOTICE TO THE APPELLANT REGARDING
### YOUR RIGHT TO REQUEST
### ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If

you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST CONSEQUENTIAL AND/OR
COMPENSATORY DAMAGES**

You may be entitled to be paid by the agency for your consequential damages, including medical costs incurred, travel expenses, and any other reasonable and foreseeable consequential damages. To be paid, you must meet the requirements set out at 5 U.S.C. §§ 1214(g) or 1221(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202 and 1201.204.

In addition, the Whistleblower Protection Enhancement Act of 2012 authorized the award of compensatory damages including interest, reasonable expert witness fees, and costs, 5 U.S.C. § 1214(g)(2), which you may be entitled to receive.

If you believe you are entitled to these damages, you must file a motion for consequential damages and/or compensatory damages WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion with the office that issued the initial decision on your appeal.

**NOTICE TO THE PARTIES**

A copy of the decision will be referred to the Special Counsel "to investigate and take appropriate action under [5 U.S.C.] section 1215," based on the determination that "there is reason to believe that a current employee may have committed a prohibited personnel practice" under 5 U.S.C. § 2302(b)(8) or section 2302(b)(9)(A)(i), (B), (C), or (D). 5 U.S.C. § 1221(f)(3). Please note that while any Special Counsel investigation related to this decision is pending, "no disciplinary action shall be taken against any employee for any alleged prohibited

activity under investigation or for any related activity without the approval of the Special Counsel." 5 U.S.C. § 1214(f).

### NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:    _____
                  Gina K. Grippando
                  Clerk of the Board

Washington, D.C.